FILED BY _____ D.C.

DEC 10 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **19-20812-CR-SCOLA/TORRES**

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 2
18 U.S.C. § 982

**UNITED STATES OF AMERICA**

v.

**JESUS GARCES,**
    a/k/a "Narra,"
**ORLANDO CAMPA, and**
**VINCENTE GONZALEZ,**

              **Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

#### The Medicare and Medicaid Programs

1. The Medicare Program ("Medicare") was a federally funded program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services ("HHS"), through its agency, the Centers for Medicare and Medicaid Services ("CMS"), oversaw and administered Medicare.

Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2. Medicare had four parts: hospital insurance (Part A), medical insurance (Part B), Medicare Advantage (Part C), and prescription drug benefits (Part D). Medicare Part B covered, among other things, durable medical equipment ("DME") that was medically necessary and ordered by licensed medical doctors or other qualified health care providers. DME was equipment designed for repeated use and for a medical purpose, such as prosthetic limbs, back braces, knee braces, wheelchairs, nebulizers, and oxygen concentrators.

3. DME companies and other health care providers seeking to participate in Medicare Part B and to bill Medicare for the cost of DME and related benefits, items, and services were required to apply for and receive a "provider number" (or "supplier number"). In these applications, DME companies were required to provide truthful and accurate information, including accurately listing the names of all people who have an ownership or security interest in the provider company.

4. The provider number allowed a DME company to submit bills, known as "claims," to Medicare to obtain reimbursement for the cost of DME and related health care benefits, items, and services that a DME company provided to beneficiaries.

5. To receive payment from Medicare, a DME company, using its provider number, submitted a health insurance claim form, known as a CMS-1500. Medicare permitted DME companies to submit a CMS-1500 electronically. The CMS-1500 required DME companies to provide certain important information, including: (a) the Medicare beneficiary's name and identification number; (b) the identification number of the doctor or other qualified health care

provider who ordered the health care benefit, item, or service that was the subject of the claim; (c) the health care benefit, item, or service that was provided or supplied to the beneficiary; (d) the billing codes for the benefit, item, or service; and (e) the date upon which the benefit, item, or service was provided to or supplied to the beneficiary.

6.  When a claim was submitted to Medicare, the provider certified that the contents of the form were true, correct, complete, and that the form was prepared in compliance with the laws and regulations governing the Medicare program. The provider further certified that the services and health care items being billed were medically necessary and were in fact provided as billed.

7.  Medicare generally paid a substantial portion of the cost of the DME or related health care benefits, items, and services that were medically necessary and ordered by licensed doctors or other licensed, qualified health care providers. Payments under Medicare Part B were often made directly to the DME company rather than to the beneficiary.

8.  The Florida Medicaid Program ("Medicaid") provided health care benefits, including DME, to certain low-income individuals and families in Florida. Medicaid was administered by CMS and the Agency for Health Care Administration ("ACHA").

9.  Medicare and Medicaid were "health care benefit program[s]," as defined by Title 18, United States Code, Section 24(b).

### Commercial Health Insurance

10.  Commercial health insurance, also known as private health insurance, provided compensation for medical bills that were the result of sickness or injury. Members of a particular

insurance plan generally paid a monetary premium for health care benefits specified in an insurance agreement.

11.     Commercial health insurance companies included Cigna, UnitedHealth Group, and Blue Cross BlueShield ("BCBS"). Cigna, UnitedHealth Group, and BCBS were "health care benefit program[s]" as defined by Title 18, United States Code, Section 24(b).

12.     Cigna, UnitedHealth Group, and BCBS often made payments directly to health care providers, rather than to the beneficiary who received the health care benefit, item or service. To obtain payment for treatment or health care items provided to a beneficiary, health care providers had to submit itemized claim forms to the beneficiary's commercial insurance plan. The claim forms were typically submitted electronically. The claim form generally required health care providers to provide certain important information, including (a) the beneficiary's name and unique identifier; (b) the name and unique identifier of the referring physician or other health care provider; (c) a description of the health care benefit, item, or service that was provided or supplied to the member; (d) the billing codes for the benefit, item, or service; and (e) the date upon which the benefit, item, or service was provided or supplied to the member.

### The Defendants, Related Companies and a Related Individual

13.     BF Distributors Corp. ("BF Distributors") was a Florida corporation located in Miami-Dade County purporting to be a DME provider.

14.     Timely Medical Services Corp. ("Timely Medical") was a Florida corporation located in Miami-Dade County purporting to be a DME provider.

15.     Ortho-Med Solution, Inc. ("Ortho-Med") was a Florida corporation located in Miami-Dade County purporting to be a DME provider.

16. Expedited Medical Supplies Corp. ("Expedited Medical") was a Florida corporation located in Miami-Dade County purporting to be a DME provider.

17. Prime Orthopedic Solutions Corp. ("Prime Orthopedic") was a Florida corporation located in Miami-Dade County purporting to be a DME provider.

18. Co-Conspirator 1 was a resident of Miami-Dade County.

19. Defendant **JESUS GARCES, a/k/a "Narra,"** a resident of Miami-Dade County, was a beneficial owner of BF Distributors, Timely Medical, Ortho-Med, Expedited Medical, and Prime Orthopedic.

20. Defendant **ORLANDO CAMPA** was a resident of Miami-Dade County.

21. Defendant **VINCENTE GONZALEZ** was a resident of Miami-Dade County.

## COUNT 1
### Conspiracy to Commit Health Care Fraud and Wire Fraud
### (18 U.S.C. § 1349)

1. Paragraphs 1 through 19 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around January 2017 through in or around November 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JESUS GARCES, a/k/a "Narra,"**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with Co-Conspirator 1 and others, known and unknown to the Grand Jury, to commit offenses against the United States, that is:

    a. to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare,

Medicaid, Cigna, UnitedHealth Group, and BCBS, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, 1347; and

    b. to devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## Purpose of the Conspiracy

3. It was a purpose of the conspiracy for **JESUS GARCES** and his co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to Medicare, Medicaid, Cigna, UnitedHealth Group, and BCBS using interstate wire communication; (b) concealing the submission of false and fraudulent claims to Medicare, Medicaid, Cigna, UnitedHealth Group, and BCBS; and (c) diverting fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud.

## Manner and Means of the Conspiracy

The manner and means by which **JESUS GARCES** and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

6

4.  **JESUS GARCES** and his co-conspirators acquired, and caused the acquisition of, beneficial ownership interests in several DME companies, including BF Distributors, Timely Medical, Ortho-Med, Expedited Medical, and Prime Orthopedic.

5.  **JESUS GARCES** and his co-conspirators recruited and paid individuals to serve as nominee owners of several DME companies, including BF Distributors, Timely Medical, Ortho-Med, Expedited Medical, and Prime Orthopedic, in order to conceal the identities of **JESUS GARCES** and his co-conspirators as the beneficial owners of the DME companies.

6.  **JESUS GARCES** and his co-conspirators obtained the names and identification numbers of Medicare, Medicaid, Cigna, UnitedHealth Group, and BCBS beneficiaries, and the names and provider numbers of physicians, in order to submit false and fraudulent claims to these health care programs for DME that was not prescribed by a licensed physician, was not medically necessary, and was never provided to the beneficiaries.

7.  **JESUS GARCES** and his co-conspirators submitted, and caused the submission of, false and fraudulent claims totaling more than $48 million to Medicare, Medicaid, Cigna, UnitedHealth Group, and BCBS through the use of interstate wire communication, on behalf of the DME companies, including BF Distributors, Timely Medical, Ortho-Med, Expedited Medical, and Prime Orthopedic, for DME that was never provided and not eligible for reimbursement.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2-11
### Health Care Fraud
### (18 U.S.C. § 1347)

1.  Paragraphs 1 through 19 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around January 2017 through in or around November 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JESUS GARCES, a/k/a "Narra,"**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, Medicaid, Cigna, UnitedHealth Group, and BCBS, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs.

### The Purpose of the Scheme and Artifice

3. It was the purpose of the scheme and artifice for the defendant and his accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to Medicare, Medicaid, Cigna, UnitedHealth Group, and BCBS; (b) concealing the submission of false and fraudulent claims to Medicare, Medicaid, Cigna, UnitedHealth Group, and BCBS; and (c) diverting fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud.

### The Scheme and Artifice

4. Paragraphs 4 through 7 of the Manner and Means Section of Count 1 are re-alleged and incorporated herein as a description of the scheme and artifice.

### Acts in Execution or Attempted Execution of the Scheme and Artifice

5. On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JESUS GARCES, a/k/a "Narra,"**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare, Medicaid, Cigna, UnitedHealth Group, and BCBS, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in that the defendant submitted and caused the submission of false and fraudulent claims seeking reimbursement for the cost of DME that was not prescribed by a physician, not medically necessary, and not provided to beneficiaries as claimed:

| Count | Date of Claim Submission | Beneficiary | Health Care Program | Claim Number and DME Billed | Approximate Amount Billed |
|---|---|---|---|---|---|
| 2 | 6/19/17 | M.M. | Cigna | 7681717096319 Back brace | $18,000 |
| 3 | 7/25/17 | J.S. | UnitedHealth | 330812195001 Back brace | $19,000 |
| 4 | 4/19/18 | W.F. | Medicare | 118099796689000 Back brace | $2,580 |
| 5 | 6/25/18 | T.B. | Medicare | 118176789093000 Back brace | $1,300 |
| 6 | 7/18/18 | S.C. | Medicare | 118199801835000 Back brace | $1,200 |
| 7 | 10/10/2018 | R.G. | Medicaid | 18283E10709 Knee ankle foot orthosis | $4,200 |
| 8 | 5/29/19 | G.A. | Medicare | 119149820686000 Addition to lower extremity prosthesis | $8,250 |
| 9 | 5/30/19 | N.F. | Medicare | 119150768595000 Addition to lower extremity prosthesis | $8,800 |

| Count | Date of Claim Submission | Beneficiary | Health Care Program | Claim Number and DME Billed | Approximate Amount Billed |
|---|---|---|---|---|---|
| 10 | 9/3/2019 | A.F. | Medicare | 119246850357000 Knee ankle foot orthosis | $4,450 |
| 11 | 9/10/2019 | N.B. | Medicare | 1192537715130 Knee ankle foot orthosis | $4,440 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT 12
### Conspiracy to Commit Money Laundering
### (18 U.S.C. § 1956(h))

Beginning in or around June 2017, and continuing through in or around November 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JESUS GARCES, a/k/a "Narra,"
ORLANDO CAMPA, and
VINCENTE GONZALEZ,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other, with Co-Conspirator 1, and others, known and unknown to the Grand Jury, to knowingly conduct a financial transaction affecting interstate commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that such transaction was designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347; wire fraud, in violation of Title 18, United States Code, Section 1343; and conspiracy to commit health care fraud, in violation of Title 18, United States

10

Code, Section 1349.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 13-20
## Money Laundering
## (18 U.S.C. 1956(a)(1)(B)(i))

On or about the dates set forth as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, as specified below, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, as set forth below:

| Count | Approximate Date | Defendant(s) | Financial Transaction |
|---|---|---|---|
| 13 | 6/14/17 | **JESUS GARCES** | Negotiation of check no. 1054, drawn on BF Distributors' bank account ending in 5864, in the approximate amount of $2,880 |
| 14 | 9/1/17 | **JESUS GARCES** | Negotiation of check no. 1249, drawn on BF Distributors' bank account ending in 5856, in the approximate amount of $5,900 |
| 15 | 8/4/18 | **JESUS GARCES ORLANDO CAMPA** | Negotiation of check no. 1025, drawn on Timely Medical's bank account ending in 4668, in the approximate amount of $32,100 |
| 16 | 8/22/18 | **JESUS GARCES ORLANDO CAMPA** | Negotiation of check no. 1016, drawn on Timely Medical's bank account ending in 4668, in the approximate amount of $25,990 |
| 17 | 11/12/18 | **VINCENTE GONZALEZ** | Negotiation of check no. 1393, drawn on Timely Medical's bank account ending in 4668, in the approximate amount of $6,780 |

| Count | Approximate Date | Defendant(s) | Financial Transaction |
|---|---|---|---|
| 18 | 10/10/19 | **JESUS GARCES** | Transfer of approximately $39,897 from Prime Orthopedic's bank account ending in 1643 |
| 19 | 10/22/19 | **JESUS GARCES** | Transfer of approximately $34,890 from Prime Orthopedic's bank account ending in 1643 |
| 20 | 10/29/19 | **JESUS GARCES** | Transfer of approximately $26,880 in cash to **JESUS GARCES** |

It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347; wire fraud, in violation of Title 18, United States Code, Section 1343; and conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE
## (18 U.S.C. § 982)

1. The allegations in this Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of certain property in which the defendants, **JESUS GARCES, ORLANDO CAMPA** and **VINCENTE GONZALEZ,** have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1347, or Title 18, United States Code, Section 1349, as alleged in this Indictment, defendant **JESUS GARCES** shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 982(a)(7).

3. Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in this Indictment, the defendants, **JESUS GARCES, ORLANDO CAMPA** and

12

**VINCENTE GONZALEZ,** shall each forfeit to the United States any property, real or personal, involved in the offense, or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4. The property subject to forfeiture includes, but is not limited to, a sum of approximately $14.4 million in United States currency, which represents the total amount of funds involved in the violations of Title 18, United States Code, Section 1956, alleged in this Indictment and which may be sought as a forfeiture money judgment.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under

the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(1) and 982(a)(7), Title 31, United States Code, Section 5317(c), and the procedures set forth in Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA


ROBERT ZINK
CHIEF
FRAUD SECTION, CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

ALLAN MEDINA
DEPUTY CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

_____
ALEXANDER THOR POGOZELSKI
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

_____
ANNE MCNAMARA
ASSISTANT UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO._____ |
| v. | |
| JESUS GARCES, a/k/a "Narra," ORLANDO CAMPA, and VINCENTE GONZALEZ, Defendants. | **CERTIFICATE OF TRIAL ATTORNEY\*** <br><br> **Superseding Case Information:** |

| Court Division: (Select One) | | New defendant(s) | Yes ___ | No ___ |
|---|---|---|---|---|
| ✓ Miami ___ Key West | | Number of new defendants | ___ | |
| ___ FTL ___ WPB ___ FTP | | Total number of counts | ___ | |

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) Yes
   List language and/or dialect   Spanish

4. This case will take __7__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                          (Check only one)
   
   I    0 to 5 days      ____              Petty      ____
   II   6 to 10 days     ✓                 Minor      ____
   III  11 to 20 days    ____              Misdem.    ____
   IV   21 to 60 days    ____              Felony     ✓
   V    61 days and over ____

6. Has this case previously been filed in this District Court?  (Yes or No)  No
   If yes: Judge _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)  No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

_____
ALEXANDER THOR POGOZELSKI
DOJ TRIAL ATTORNEY
COURT ID NO. A5502549

\*Penalty Sheet(s) attached

REV 8/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**          JESUS GARCES, a/k/a "Narra"

**Case No:** _____

Count #:   1

   Conspiracy to Commit Health Care Fraud and Wire Fraud

   Title 18, United States Code, Section 1349

**\*Max Penalty**:   Twenty (20) years' imprisonment

Counts #:   2 – 11

   Health Care Fraud

   Title 18, United States Code, Section 1347

**\*Max Penalty**:   Ten (10) years' imprisonment as to each count

Count #:   12

   Conspiracy to Commit Money Laundering

   Title 18, United States Code, Section 1956(h)

\*Max Penalty:   Twenty (20) years' imprisonment

Counts #:   13 – 16, 18 – 20

   Money Laundering

   Title 18, United States Code, Section 1956(a)(1)(B)(i)

\*Max Penalty:   Twenty (20) years' imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:**             **ORLANDO CAMPA**

**Case No:** _____

Count #:   12

   Conspiracy to Commit Money Laundering

   Title 18, United States Code, Section 1956(h)

\*Max Penalty:   Twenty (20) years' imprisonment

Counts #:   15 – 16

   Money Laundering

   Title 18, United States Code, Section 1956(a)(1)(B)(i)

\*Max Penalty:   Twenty (20) years' imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**       VINCENTE GONZALEZ

**Case No:**

Count #:   12

   Conspiracy to Commit Money Laundering

   Title 18, United States Code, Section 1956(h)

*Max Penalty:    Twenty (20) years' imprisonment

Counts #:   17

   Money Laundering

   Title 18, United States Code, Section 1956(a)(1)(B)(i)

*Max Penalty:    Twenty (20) years' imprisonment

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**