UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:19-cr-20812-AHS-3

UNITED STATES OF AMERICA,

v.

VINCENTE GONZALEZ,

    Defendant.
_____/

### **DEFENDANT VINCENTE GONZALEZ'S PSR OBJECTIONS**

COMES NOW, Defendant VINCENTE GONZALEZ, through counsel, and hereby files the following objections to U.S. Probation's Presentence Investigation Report ("PSR") [D.E. 71], dated January 26, 2021.

### BACKGROUND

1. On December 11, 2019, Defendant Gonzalez was indicted on one count (Count 12) of conspiracy to commit money laundering, 18 U.S.C. § 1956(h), and one count (Count 17) of money laundering. 18 U.S.C. § 1956(a)(1)(B)(i). [D.E. 3]

2. On January 5, 2021, Mr. Gonzalez entered into a plea agreement with the Government, whereby he pled guilty to Count 12 and the Government agreed to seek dismissal of Count 17. [D.E. 67]

3. Mr. Gonzalez's sentencing hearing is set for March 16, 2021 [D.E. 69], and the U.S. Probation Office filed its PSR on January 26, 2021. [D.E. 71]

### PSR OBJECTIONS

4. **PSR Paragraphs 68 / 79:** Paragraph 68 states that, "[g]iven his managerial role in the money laundering scheme which involved at least five participants, a three-level aggravating role adjustment, pursuant to § 3B1.1(b) is recommended for Gonzalez." [D.E. 71,

p.22]  Likewise, Paragraph 79 states that "[t]he defendant was a manager or supervisor … and the criminal activity … involved five or more participants or was otherwise extensive; therefore, the offense level is increased by three levels, § 3B1.1(b)."

While not binding on Probation or the Court, Mr. Gonzalez's plea agreement stipulated that he and the Government would jointly recommend a total offense level of 21, which would depend on a two (2) point aggravating role pursuant to § 3B1.1(c) – as opposed to Probation's current recommendation of a three (3) point role pursuant to subsection (b) – and no increase for "sophisticated laundering" under § 2S1.1(b)(3). [D.E. 67, pp.8-9]

Accordingly, the Defense objects to Probation's recommendation of a three (3) point increase under § 3B1.1(b) and asks the Court to recognize the parties' agreement that the two (2) point increase under subsection (c) should apply to Mr. Gonzalez's sentencing.  This is especially reasonable in view of the fact that Mr. Gonzalez agreed to limit his grounds for a downward variance as a condition for entering into the plea agreement. [D.E. 67, p.8 (waiving any right to ask for a downward variance based on characteristics related to the charged conduct)]

Additionally, Probation's interpretation of Mr. Gonzalez's overall role in the charged conspiracy goes beyond the "Agreed Factual Basis for Guilty Plea" [D.E. 68] stipulated by the parties at the time of their plea agreement.  Thus, this interpretation is not an uncontested factual proposition.

5. **PSR Paragraph 77:**  This paragraph states that, "[b]ecause … the offense involved sophisticated laundering, the offense level is increased by two levels, § 2S1.1(b)(3)."

Again, while not binding on Probation or the Court, Mr. Gonzalez's plea agreement stipulated that he and the Government would jointly recommend a total offense level of 21,

which would depend – in part – on no increase for "sophisticated laundering" under § 2S1.1(b)(3). [D.E. 67, pp.8-9]

Accordingly, the Defense objects to Probation's recommendation of a two-point "sophisticated laundering" increase and asks the Court to recognize the parties' agreement that this increase would not apply to Mr. Gonzalez's sentencing. Again, this is especially reasonable in view of the fact that Mr. Gonzalez agreed to limit his grounds for a downward variance as a condition for entering into the plea agreement. [D.E. 67, p.8 (waiving any right to ask for a downward variance based on characteristics related to the charged conduct)]

Additionally, Probation's interpretation of the "sophistication" of Mr. Gonzalez's role in the charged conspiracy goes beyond the "Agreed Factual Basis for Guilty Plea" [D.E. 68] stipulated by the parties at the time of their plea agreement. Thus, this interpretation is not an uncontested factual proposition.

WHEREFORE, Defendant Vincente Gonzalez respectfully requests that this Court SUSTAIN the foregoing objections and set Mr. Gonzales's final offense level at 21.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 4th day of March 2021, a true and correct copy of the foregoing was uploaded via the CM / ECF case filing system and thereby delivered to all parties and counsel of record.

ROGER CABRERA, P.A.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2000
Miami, Florida 33131
Telephone:   (305) 823-8383
Facsimile:   (305) 675-7970
Email:   roger@cabrera.legal

By:   */s/ Roger Cabrera*
ROGER CABRERA, ESQ.
Florida Bar No. 0148740